LAND, J.
The defendant was charged with the crime of robbery. He was tried and found guilty, and the jury recommended him to the mercy of the court.
The judge overruled defendant’s motion for a new trial, and sentenced him to imprisonment at hard labor for 10 years. The defendant has appealed, relying upon three bills of exception to reverse the verdict and sentence in the court below.
Defendant was charged with feloniously assaulting and robbing Dr. Waldemar Bille on November 14, ¿904, in the parish of Orleans. The articles taken from his person are described in the information as §10 in lawful currency of the United States and one watch, of the value of §1, in the same currency.
*300 Bill No. 1.
In. his testimony before the court and jury the doctor stated that he had been assaulted and robbed by the defendant, on the occasion in question, of the articles named in the information, and the defendant had struck him with the butt end of a revolver, fracturing his skull; but the witness did not attempt to ■describe the revolver, nor to identify any revolver as the one at that time in possession of the defendant. It further appears that on December 3, 1904, the defendant was arrested on a charge of theft, and on that occasion two revolvers were found in a room rented and occupied by the defendant. On the trial, the court permitted the state, over the objection of defendant, to interrogate one Mrs. Rothschild as to the finding of two pistols in defendant’s room on or about December 3, 1904. The objection was “that said pistols had no bearing or connection with the case, and were not connected with the accused, and were not connected with the assault and robbery.”
The judge allowed the testimony to go in, stating that, unless the pistols had some connection with the ease, they would not be considered by the jury. Defendant ’excepted to this ruling. The witness testified to finding several articles in the room of defendant, including two small pistols, like the ones presented to the witness by the district attorney, but which she could not identify. The state then offered the two pistols in evidence, and they were received over defendant’s objection, with the statement from the court, to wit: “They are not to be considered, unless connected with the accused.” Defendant excepted. The testimony of Dr. Bille and Mrs. Rothschild was all the evidence in the case concerning said pistols.
The state did not withdraw said evidence, but commented on the same in argument, and the court did not instruct the jury further concerning said pistols, and was not requested to do so.
The “per curiam” recites the testimony of Dr. Bille as to the assault made on him by defendant with a pistol; that the fact that the accused possessed such a pistol is a material fact corroborating the Doctor’s testimony, and is a link in the chain of evidence connecting the accused with the crime; and that when the pistols were offered in evidence, the court charged the jury as follows:
“Tou must not consider these pistols, unless they are connected with the case; otherwise, you should. If they are not connected with the accused, you should not consider them.”
We are of opinion that it was competent for the state to show that the accused, a few weeks after the date of the crime, had revolvers in his possession or under his control. The objection goes to the probative force, rather than the admissibility, of such evidence. It may be conceded that the two revolvers should not have been received in evidence until they had been connected with the case. They, however, were not absolutely received in evidence; but the jury was instructed not to consider them unless they were connected with the accused. Such practice was approved by this court in State v. McFarlain, 42 La. Ann. 803, 8 South. 600. In the case at bar the evidence showed that the revolvers found in defendant’s room had been delivered to a police officer. At the time the trial judge was called upon to act on the objections, it was not at all improbable that the state would supply the missing link in the chain of identification by calling such officer to the stand. The further objection that the judge did not subsequently charge the jury to disregard the offer of the pistols is answered by the statement that the defendant did not request him to do so. State v. McFarlain, 42 La. Ann. 803, 8 South. 600.
We find no merit in this bill of exception.
Bill No. 2.
While Dr. Bille was on the stand he testified in part as follows:
“Q. What, if anything, besides the money, did he take?
*301 “A. He took my Ingersoll watch. It had fallen out, and he picked it up from the floor.
“Q. Now, doctor, this watch of yours, could you identify it? What sort of watch was it?
“A. An Ingersoll watch, and they [it] had a dent on the back where it had fallen.
“Q. Was it a watch like this (showing a watch).?
“A. It was like that. I can’t swear it was the same watch, because all Ingersoll watches are alike; but there was a dent in that watch, and a dent in that, too.”
In his closing argument before the jury, the assistant district attorney, holding up the same watch shown to the witness Bille, said:
“Here is a watch of the same make as that taken from Dr. Bille at the time of the assault; this watch, found among the personal effects of the prisoner.”
Counsel for defendant at once excepted to this statement of the assistant district attorney as outside of the record, illegal, and unwarranted, took a bill of exceptions to such statement, and called upon the court to instruct the jury not to consider the same, and the court thereupon did so instruct the jury as requested.
The judge in his per curiam says:
“As soon as the objection was made, the court stopped the assistant district attorney, and charged the jury that they were not to consider the remarks of the district attorney on the watch which had been shown them, in reaching their conclusion and their verdict.”
We have italicized that portion of the above remarks of the prosecuting officer which may be considered in the discussion of this bill as outside of the record before this court.
It is due, however, to the prosecuting officer to remark that he states that, if he made a mistake of fact in his argument to the jury, it was an honest mistake, due to misapprehension of the evidence, and that his recollection is that the watch in question was among the articles referred to by the witnesses as found in the room of the defendant. The recitals of the bill state that at the time of the arrest the defendant did have in his possession an Ingersoll watch, which, how- , ever, the defendant was prepared to prove was his own personal property and had been in his possession prior to the day of the assault. We must take the record as we find it, and consider the bill under the assumption that the prosecuting officer made a mistake of fact in addressing the jury. Counsel for defendant requested the court to charge the jury not to consider the objectionable remarks in reaching their conclusion and verdict, and the court did so. Now, the same counsel contends that the requested charge of the judge could not obliterate the statement of the district attorney from the minds of the jury, and such statement prejudiced the defendant’s case before the jury and had great weight in causing them to render a verdict against him. Leaving out the nonessential recitals of the bill, we have the statement of the prosecuting officer that a watch of the same make as that taken from Dr. Bille “was found among the personal effects of the prisoner.” The court instructed the jury not to consider this erroneous statement. We cannot assume that the jury disregarded the instructions of the court, and that their verdict was influenced by the statement of the district attorney. The direct evidence of Dr. Bille as to the identity of the defendant, supported by other evidential circumstances, was sufficient, if credited by the jury, to sustain the verdict. The bare statement, if true, that an Ingersoll watch was taken from Dr. Bille, and that 18 days thereafter an Ingersoll watch was found in the possession of the defendant, was, at most, of little evidential value in the case. When such a statement dehors the evidence was made in argument, and was at the time discredited by the instructions of the court, there is no ground for the presumption that the jury was thereby influenced to the prejudice of the defendant. We cannot assume that the jury, having heard the evidence and having been charged by the court that there was no evidence to sustain a state *302 ment of fact made by counsel in argument, gave any weight to such statement in arriving at their verdict.
In State v. Marceaux, 50 La. Ann. 1137, 24 South. 611, the district attorney in his argument to the jury called attention to the fact that the accused had not testified in his own behalf. In State v. Thompson, 106 La. 362, 30 South. 895, the jury was not instructed by the court to disregard the unauthorized statement of the prosecuting officer. In State v. Bessa et. al., ante. p. 259, 38 South, 985, the district attorney in his argument made an appeal to race prejudice; the defendants being negroes and the members of the jury being all white. The above are the authorities cited by counsel for defendant. It is manifest that they are exceptional and have no application to the state of facts now before the court. The general rule is thus stated in State v. Thompson, 109 La. 301, 33 South. 322, quoting Clark Cr. Proc. p. 464:
“Generally, if the court rebukes counsel for making improper remarks and instructs the jury to disregard them, a conviction will not be set aside; but there may be cases in which the remarks cannot be thus cured.”
The case presented by this bill of exceptions falls within this general rule.'
Bill No. 3.
After the judge had delivered his written charge to jury, counsel for defendant requested the court to give this additional charge, viz.:
“In order to justify the inference of legal guilt from circumstantial evidence, the proof must be absolutely incompatible with the innocence of the accused and incapable of explanation upon any other reasonable hypothesis than that of his guilt.”
The court refused to give the additional charge for the following reasons:
“First. The charge asked had reference to a case when the evidence was entirely circumstantial, and not when it is one of direct and circumstantial evidence.
“Second. Because, under section 2 of rule 9 of th'i's court, which reads as follows:
“ ‘After the evidence had closed and before argument, the counsel may present to the court requests for special charges which shall be. in writing’—
the request to give any special charge should have been made before argument had commenced, and the request was made only after the court had given its charge to the jury, and therefore too late.
, “It is true that I had told the attorney that I would charge the jury on the law of circumstantial evidence; but I had not said what the charge was to be and to what extent, reserving to myself to charge upon that portion only which was applicable to the facts of the case. This I have done.”
In his per curiam, the judge, after stating the substance of the positive evidence adduced on the trial, says:
“Under the law, strictly construed, there was no need of charging the jury as to the law of circumstantial evidence; but, as corroborating evidence circumstantial in its nature was offered, the court charged the jury upon the law ot evidence bearing upon the nature of the case as follows:
“ ‘Circumstantial evidence is the evidence of certain facts from which are to be inferred the existence of other material facts bearing upon the question at issue or the facts to be proven. This evidence is legal and competent, and when of such a character as to exclude every reasonable doubt of defendant’s innocence is entitled to as much weight as direct evidence. The degree of certainty must almost be equal to that of direct testimony, and if there is one single fact proved to your satisfaction by a preponderance of the evidence which is inconsistent with defendant’s guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit the defendant.’ ”
There was no objection to the charge as given, but the defendant requested the additional charge already quoted. The state relied on the positive identification of the accused by Dr. Bille. The defendant relied on the testimony of witnesses tending to prove an alibi. The state endeavored also to prove a connection between certain articles found in the room of the defendant, and the watch stolen, the revolver used, and the shirt worn by the defendant. There was no evidence as to the watch, and the court so'charged- As to the revolver, the evidence did not go beyond showing that two revolvers, not identified with the one used, were found in defendant’s room.
Judging from the statement in the per *303 curiam to bill of exceptions No. 1, the evidence tended to show a connection between a pair of bloody cuffs, left by the assailant in the office of Dr. Bille, and a bloody shirt and wristband found in the room of defendant. Hence, when the case went to the jury, the state relied for conviction on the direct testimony of Dr. Bille, corroborated, as it was claimed, by certain physical facts or circumstances.
The charge of the court in full is not in the record. We have before us only an excerpt showing what was said as to circumstantial evidence. This was not objected to. Counsel for defendant rely solely on the special charge requested and refused.
We agree with the district judge that such a charge was not applicable to the facts before the court, and was misleading, as it tended to impress the jury with the idea that the question of .the guilt of the accused depended alone on circumstantial evidence.
The requested special charge is an extract from the charge of the same judge reported in State v. Aspara, 113 La. 940, 37 South. 883. The context shows that the language was used in reference to cases “when a conviction is sought on circumstantial evidence alone.”
We also think that under the rules of the criminal district court the request to give such special charge came too late.
Judgment affirmed.