62 So.2d 258

## STATE v. WINFIELD.

No. 40946.

Dec. 15, 1952.

Ralph L. Roy and Joseph W. Starring, Baton Rouge, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and J. St. Clair Favrot, Dist. Atty., Baton Rouge, for appellee.

MOISE, Justice.

The accused was indicted, tried and convicted for the crime of murder and sentenced to death.

The appeal before us is based upon one formal bill of exception which was taken by defendant's counsel to the ruling of the trial court, that:

"In view of the report of the experts appointed by the court to examine the accused, Arthur Winfield, and for oral reasons assigned, it is the opinion of the court that the accused, Arthur Winfield, is able to understand the proceedings, and to assist in his defense, and he is, therefore, sane, and the trial can be proceeded with according to assignment on April 21, 1952."

The record is very brief and from the minutes of the court, the trial judge's per curiam, and the bill of exception, the following facts are disclosed:

The alleged crime was committed on January 4, 1952. On March 17, 1952, the de-

fendant was arraigned and pleaded not guilty. Trial of the case was set for April 21, 1952. Defendant's counsel, appointed by the State, then withdrew the plea of not guilty and filed a written motion requesting the court to name a lunacy commission to determine the present sanity of the accused. The court signed a formal order appointing a commission of three members. The court fixed April 14, 1952, for a hearing.

The naming of a lunacy commission by the court is discretionary and is usually grounded on the belief that there is probable cause in the mind of the court for appointing such lunacy commission. State v. Gunter, 208 La. 694, 23 So.2d 305; State v. Ridgway, 178 La. 606, 152 So. 306; State v. Laborde, 210 La. 291, 26 So.2d 749; State v. Simpson, 216 La. 212, 43 So.2d 585; State v. Bessar, 213 La. 299, 34 So.2d 785 and State v. Cook, 215 La. 163, 39 So.2d 898.

It is provided in LSA–R.S. 15:269 that this lunacy commission " * * * *shall* within thirty days *make their reports in writing to the presiding judge.* Their findings shall constitute the report of the examination *and the report shall be accessible to the district attorney and to the attorney for the accused.*" (Italics mine.)

In the instant case, the minutes attached to the bill of exceptions show that on April 14, 1952, the sanity hearing was continued to April 18, 1952 " * * * because of the absence of the report from the appointed experts".

On April 17, 1952, the report not yet having been received from the lunacy commission, our learned brother below called the East Louisiana Hospital, Jackson, La., and spoke with Dr. Magruder, one of the appointed experts. Dr. Magruder, at this time, informed the judge that the written report of the commission was to the effect that, in the opinion of the experts, the accused was considered capable of knowing and judging between right and wrong; that he was sane at the time of the alleged commission of the crime; that he was sane at the present time; and that he was able to give aid and assistance to counsel in the preparation and conduct of his defense. Thereafter, the trial judge telephoned defendant's counsel and informed him of the telephonic advice from Dr. Magruder, and advised defendant's counsel that " * * * whatever hearing was to be had must be presented on the next day, April 18th, 1952, in open court, and that I (the judge) was not going to reassign the hearing for any other day."

On the morning of April 18, 1952, when the sanity hearing was called on the docket, counsel for the accused was present, but the defendant was not in the courtroom, nor had any witnesses been summoned to testify on either side. The trial judge explained to defendant's counsel that, although the written report of the lunacy commission had not been received, this report had been read to him over the telephone, and, in the opinion of the experts,

the defendant was presently sane. Thereupon, the judge ruled the defendant sane and ordered the trial to be proceeded with according to assignment, on Monday, April 21, 1952.

Counsel for the defendant objected to this ruling and reserved the bill of exception which was perfected and is part of the record, urging particularly that he had not seen the written report of the lunacy commission which, under the terms of the statute—LSA–R.S. 15:269— " * * * shall be accessible to the district attorney and to the attorney for the accused."

 At the time of the ruling complained of, the written report of the commission had not been received by the trial judge. It was not received until after his ruling. The mandatory provisions of the statute—that the *written report* of the *commission shall be presented to the trial judge and shall be accessible to the district attorney and to the attorney for the accused*— were not followed. LSA–R.S. 15:269. Furthermore, LSA–R.S. 15:267 and LSA–R.S. 15:268, provide that the mandatory language used is for the benefit of both the prosecution and the defense—because it is provided that at such hearing of the lunacy commission—both the prosecution and the defense are granted the right to offer other evidence and to summon witnesses. In the light of this clear mandatory language our duty is plain, for the office of a judge is *jus dicere, et non jus dare*—to declare the

law, not to make it. State v. Brown, 214 La. 18, 36 So.2d 624.

For these reasons, the conviction and sentence are annulled and set aside, and it is ordered that this case be remanded for a new trial.