PONDER, Justice.
The defendant was convicted of the crime of murder and sentenced to death; he has appealed from the conviction and sentence.
We are presented on this appeal with ten bills of exception taken by counsel for the defendant to the rulings of the trial judge. Three of the bills of exception directed at alleged irregularities in the proceedings, relating to the insanity of the defendant at the time of the commission of the crime, have given us concern and will be considered together.
The defendant was arraigned on October 7, 1953 and entered a plea of not guilty. His case was set to be heard on October 21, 1953. On October 10, 1953, the defendant’s counsel filed a motion for the appointment of a lunacy commission to inquire into the present sanity of the defendant and the sanity of the defendant at the time the crime was committed. The motion was granted and the court appointed a lunacy commission to inquire into the present sanity of the defendant and the sanity of the defendant at the time of the commission of the alleged offense and ordered them to make their report to the court in writing on October .13, 1953, if possible. On October 13, 1953 the lunacy commission filed its report as to the present sanity of the accused. A hearing was had on that date and counsel for the defendant was granted until October 16th to furnish additional evidence. On October 16th evi *1066 dence was adduced and the trial judge found the defendant to be presently sane and the court ordered the fixing of the case for trial for October 21st to remain in force and effect. On October 21, 1953, the date fixed for the trial, the defendant moved for a continuance alleging that the lunacy commission had not reported on the mental condition of the defendant at the time of the commission of the offense and that he was entitled to access to the report when made in order to prepare a defense. The trial judge ordered a recess of court until 2:00 o’clock p. m. at which time one of the members of the lunacy commission was examined by the court and filed his written report as to the sanity of the defendant at the time of the commission of the offense. Counsel for the defendant objected to the report on the ground that it was not signed by the other member of the commission and moved for a further continuance which was denied by the trial judge. Counsel for the defendant then requested the court for additional time to file an amended motion for a continuance, which was denied. Counsel then moved that the defendant be permitted to withdraw his former plea of not guilty and to enter a plea of not guilty by reason of insanity at the time of the commission of the offense. The court permitted the withdrawal of the plea of not guilty and the entering of the plea of insanity at the time of the commission of the alleged offense. The case was called for trial and after three jurors were selected the other member of the sanity commission was called and he filed a report to the effect that the defendant was sane at the time of the commission of the alleged offense. Counsel for the defense objected to the offering of this report. Bills of exception to the rulings of the court were timely taken and are now under consideration.
Counsel for the defendant contends that he was denied a reasonable access to the report of the lunacy commission in violation of the provisions of LSA-R.S. 15:269 which provides in mandatory language that “the report shall be accessible to the district attorney and to the attorney for the accused.”
In the case of State v. Winfield, 222 La. 157, 62 So.2d 258, we pointed out that the language of the statute, LSA-R.S. 15 ¿69, is mandatory that the report shall be accessible to the district attorney and the attorney for the accused. The access to the report contemplated by the statute must be prior to the trial allowing sufficient time to afford the accused an opportunity to prepare his defense. Access to the report on the date of the trial or during the trial would not afford an accused this opportunity. It is provided in LSA-R.S. 15:268 that the appointment of the lunacy commission does not preclude the state or the defendant from calling expert witnesses to testify at the trial and in case the defendant is committed to custody that these experts shall have free access to the defendant for the purpose of examination oí *1068 observation. It would, theréfore, ■ appear that a reasonable interpretation of both of these provisions of the LSA-R.S. 15:268, 15:269, contemplate that the access to the report of the lunacy commission must be afforded to the accused at a reasonable time prior to the trial in order that the accused may corroborate or contradict the report by testimony of other experts if necessary to his defense.
Since we have arrived at this conclusion, it is unnecessary to pass upon .the other bills, of exception taken by the defendant.
■ For the reasons assigned, the conviction and sentence are annulled and set aside and the case is remanded for a new trial.