90 So.2d 866

**STATE of Louisiana**

**v.**

**Parnell SMITH.**

No. 43021.

Nov. 5, 1956.

William T. Bennett, Clinton, Stephen P. Dart, St. Francisville, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Richard Kilbourne, Dist. Atty., Clinton, for appellee.

PONDER, Justice.

The defendant Parnell Smith was charged in an indictment with the crime of murder. He was tried, convicted, and sentenced to be electrocuted. He has appealed from the conviction and sentence.

During the course of the trial, counsel for the defendant reserved twelve bills of exception to the rulings of the trial judge.

Bill of Exception No. 10, taken to the ruling of the trial judge refusing to permit counsel for the defendant to examine the physicians who had been appointed by the court to determine the defendant's present mental condition and to introduce additional evidence, is the one which gives us the most concern.

It appears from the minutes of the court, at some time prior to trial counsel for the defendant moved for the appointment of a lunacy commission alleging that he did not think the accused was able to properly assist in his defense and he thought that it would best serve the interests of justice if the court would order the accused sent to the East Louisiana Hospital at Jackson for observation by a lunacy commission. The motion was set for hearing on November 29, 1955. No action was taken on the motion on this date but the judge issued the following order:

Order

"It Is Ordered that Parnell Smith be confined to the Louisiana State Hospital for Criminal Insane at Jackson, Louisiana, for observation, and that Dr. Addison and Dr. Green examine him and make a report of their findings to this Court within thirty (30) days."

On January 16, 1956, Dr. C. E. Sturm, Clinical Director of the hospital, addressed a letter to the trial judge enclosing a copy of the staff note made when the defendant was brought before the medical staff for examination on January 12, 1956, which reads as follows:

"Patient entered staff room willingly and cooperated to the best of his ability. He was admitted to this hospital No-

vember 29, 1955 from Angola, because he stabbed a fellow inmate there with a Texas Jack and killed him. He was admitted to Angola October 13, 1954 because of murder in New Orleans. His father is unknown and his mother is now a patient at Pineville. Patient obtained a score of 77 on the Otis Beta Mental Ability Test. Since being here he has shown no evidence of a psychosis. He is presented with the diagnosis:

Diagnosis: Sociopathic Personality Disturbance, Anti-Social Reaction

Final Recommendation: Return to Angola.

Staff agreed."

It appears from the record that Dr. Green and Dr. Addison are psychiatrists and members of the staff of that institution. On February 14, 1956, counsel for the defendant requested the appointment of a lunacy commission pursuant to his motion previously filed. Counsel at that time asked to interrogate these two physicians, Dr. Green and Dr. Sturm, who were present in court. This was objected to by the district attorney and the court overruled the motion. Counsel objected to the ruling and reserved a bill of exception. The report of the staff of the hospital was then filed in the record. The case was then set for trial for March 5, 1956.

It appears from the record, the briefs, and the arguments of counsel that there was some confusion as to whether or not a lunacy commission had in fact been appointed. The trial judge was evidently of the opinion that the defendant was sane at the time the motion was filed but out of an abundance of precaution issued the order to have his mental condition determined before ruling on the motion. Counsel for the defendant evidently thought that the appointment of the two physicians to examine the defendant did not constitute a lunacy commission and thereafter urged the appointment of a lunacy commission. However, counsel for the defendant contended and now contends that he had the right to interrogate these witnesses and offer additional evidence on the date the report was filed when the doctors were present in court.

█ Irrespective of the views entertained by the lower court and counsel for the defendant, a lunacy commission was in effect appointed.

Article 267 of the Code of Criminal Procedure, LSA–R.S. 15:267, dealing with present insanity provides that if the trial judge has reasonable ground to believe that the defendant is insane or mentally defective to the extent that he is unable to understand the proceedings or to assist in his defense then the court shall fix a time for a hearing to determine his mental condition. It is further provided, as follows:

"The court may appoint two disinterested physicians to examine the defendant with regard to his present mental

condition and to testify at the hearing. Other evidence regarding the defendant's mental condition may be introduced at the hearing by either party." LSA-R.S. 15:267.

It is also provided in this same article as follows:

"When in the opinion of the court the accused is incapable of understanding the proceedings against him or to assist in his own defense, and the patient is committed to the East Louisiana State Hospital, Central Louisiana State Hospital, or to the State Colony and Training School for observation, examination, and report, the patient shall be examined by the physicians composing the medical staff of the institution without cost to the respective parish from which the patient has been committed." LSA-R.S. 15:267.

■ The appointment of a lunacy commission by the court is discretionary yet, after such a commission is appointed, a defendant must be afforded an opportunity to interrogate the physicians and to offer additional evidence if he sees fit. See State v. Winfield, 222 La. 157, 62 So.2d 258; State v. Solomon, 222 La. 269, 62 So.2d 481 and State v. Sauls, 224 La. 1063, 71 So.2d 568.

■ While we are impressed with the attitude of the trial judge in his efforts to be extremely fair to the defendant, irrespective by having him examined by psychiatrists of his belief that the defendant was sane, before passing on the motion, we cannot overlook the fact that the trial judge erred in not permitting counsel for the defendant to interrogate these physicians.

Since we have arrived at this conclusion, it is unnecessary to pass upon the other bills of exception taken by counsel for the defendant.

For the reasons assigned, the conviction and sentence are annulled and set aside. The case is remanded for a new trial.