**99 So.2d 8**

**STATE of Louisiana**

v.

**Parnell SMITH.**

**No. 43697.**

Jan. 6, 1958.

Rehearing Denied Feb. 10, 1958.

Jas. H. Kilbourne, and Stephen P. Dart (of Kilbourne & Dart), St. Francisville, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Richard Kilbourne, Dist. Atty., Clinton, for the State.

HAMITER, Justice.

Parnell Smith, an inmate of the Louisiana State Penitentiary at Angola, was charged in an indictment with having murdered one Louis Lee, also an inmate of such institution. When first tried he was found guilty as charged and sentenced to death. However, on an appeal, the conviction and sentence were set aside and a new trial was ordered (see 231 La. 139, 90 So.2d 866).

The second trial resulted in a similar verdict and sentence, and the accused is again

■■■■■

appealing. He presents for our consideration ten perfected bills of exceptions.

■ Bill No. 1 was taken to the sustaining of the state's objection to the following question which counsel for defendant sought to ask each prospective juror: "Would you accept as readily convict testimony as you would testimony of free personnnel?" Counsel argue that this question was permissible for the purpose of showing prejudice toward convict testimony, and it was particularly important to this accused since he was relying on evidence of that kind to sustain his contention that he killed in self defense.

The question was correctly excluded. A somewhat similar one was propounded to prospective jurors in State v. Dyer, 154 La. 379, 97 So. 563 (the question being whether they would give greater credence to the testimony of a white man than to that of a black man), and it was held to be improper. In so ruling the court quoted with approval the following observations contained in State v. McIntosh, 141 La. 150, 74 So. 886: "In the examination of proposed jurors on voir dire, defendant is not entitled to inquire concerning their opinions as to the credibility of witnesses upon whom he expects to rely; such an inquiry being unreasonable and calculated to confuse and obstruct the administration of criminal justice." See also State v. Wideman, 218 La. 859, 860, 51 So.2d 96.

Bill No. 2 was reserved to the overruling of a motion for a mistrial urged when the tales jury box was opened and it was noticed that the slips of paper containing the names of the prospective tales jurors were lying loose therein. Defendant maintains this was reversible error inasmuch as such slips should have been in a sealed envelope.

■ There is no merit to the bill. LRS 15:186 sets forth the procedure for selecting, drawing and preserving the names of tales jurors; but nowhere does it provide that the slips on which they are written shall be placed in an envelope inside the box. It requires merely that they shall be placed in a securely sealed box and delivered to the district clerk. This requirement, according to the judge's per curiam, was met. LRS 15:182, relied on by defendant to sustain his contention concerning the envelope, relates to the drawing of the regular jury panel.

■ Bills Nos. 3 and 4 were reserved to the overruling of defense motions for a mistrial urged on the ground that there were irregularities in the make-up of the tales jury list, three of the names listed having been slightly inaccurate although the persons intended thereby were readily identifiable. The defendant concedes that the objections were merely pro forma and that no prejudice resulted from the irregularities. Under these circumstances we

must hold that the errors are not grounds for reversal. See LRS 15:203 and 557.

Bill No. 5 was taken to the overruling of a motion for a mistrial offered by defendant when it appeared that the sheriff, rather than the clerk of court, was drawing the names from the tales jury box. And bill No. 6 was reserved to the court's refusal (of a defense request) to direct the sheriff to cease drawing the names and to cause the clerk to perform that function. With reference to these bills the trial judge, in his per curiam, states that he refused defendant's request inasmuch as the practice of having the sheriff draw the names (instead of the clerk) was one of long standing in his district and was a more efficient procedure.

LRS 15:186 specifically provides that the court may instruct the *clerk* to open the tales jury box and to draw the names therefrom. Therefore, we cannot condone the action of the judge in persisting in the observance of custom rather than in following the applicable statutory provisions, particularly when the error in procedure is called to his attention and a request is made by defense counsel that the law be adhered to. However, in this instance we do not consider that the error was such as to warrant a reversal of the conviction and sentence. Defense counsel concede that there was no fraud or prejudice flowing from the court's action, and they do not contend that any result would have been changed by having the clerk draw the names.

On numerous occasions we have held that mere error of the judge during the course of a trial will not be sufficient cause for setting aside the verdict and sentence; that to warrant such action the error must have resulted in prejudice or a denial of a substantial right to an accused. For example, in State v. Cullens, 168 La. 976, 123 So. 645, 648, we observed: " * * * appeals in criminal cases are not granted merely to test the correctness of the trial judge's ruling, but only to rectify any injury caused thereby." See also LRS 15:557; State v. McLeod, 199 La. 372, 6 So.2d 146; State v. Burris, 204 La. 608, 16 So.2d 124; State v. Saia, 212 La. 868, 33 So.2d 665; State v. Comery, 214 La. 245, 36 So.2d 781; and State v. Dowdy, 217 La. 773, 47 So.2d 496.

Bills Nos. 7 and 8 were taken when the district attorney was permitted to introduce in evidence a confession made by the defendant, the objection having been " * * * that it was not freely and voluntarily given in that the defendant was not advised of his rights to either make or not make such a statement, that on the contrary he testified that he was told that it was necessary to make such a statement."

It appears that prior to the introduction of the confession various witnesses were called to testify as to whether it was free-

ly and voluntarily made. However, their testimony is not a part of the record before us; hence, we must accept the recitations of the judge's per curiam. Therein, he states: "* * * There was absolutely no evidence of any compulsion whatever. My appreciation of the evidence on this point was that the defendant was not told that he had to make a statement or that he did not have to make one, but was simply asked to tell what happened, which he did. Moreover, it appeared that two or three days after the killing, the defendant was interviewed by the sheriff and the district attorney at Angola and made virtually the same statement in answer to questions propounded by the district attorney and the sheriff. * * * After hearing the evidence, I was convinced that the defendant's confession was entirely free and voluntary." Under these circumstances we cannot say that error was committed in admitting the confession. See State v. Cook, 215 La. 163, 39 So.2d 898;. State v. Palmer, 227 La. 691, 80 So.2d 374; State v. Walker, 229 La. 229, 85 So.2d 497.

 Bill No. 9 was reserved to the overruling of an objection to testimony offered by the state in rebuttal (after the defendant had closed his case) which was to the effect that the deceased did not have a knife or other weapon when he was being chased by the accused immediately prior to the killing. The theory of the defense was that the accused acted in self defense,

and (according to the judge's per curiam) he introduced the testimony of another convict to prove it. In view of this situation the evidence offered by the state in rebuttal was proper and admissible.

The tenth bill was taken to the overruling of a motion for a new trial. It presents nothing for review since the motion was based solely on the aforediscussed nine bills.

For the reasons assigned the conviction and sentence are affirmed.