294 So.2d 207 (1974)
STATE of Louisiana
v.
Alphonse SNEDECOR.
No. 54148.
Supreme Court of Louisiana.
April 29, 1974.
*208 Murphy W. Bell, Director, Woodson T. Callihan, Jr., Asst. Public Defender, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Defendant Snedecor was indicted jointly with Johnny McGloster for the murder of Don Paul Huddleston. After a severance was granted, new bills of indictment were filed on September 7, 1973. After trial by jury, defendant was convicted and sentenced to life imprisonment. Defendant now appeals, relying on thirteen bills of exceptions for reversal of his conviction and sentence.

Bill 1
This bill was taken to the ruling of the Court that women are exempt from jury service upon the authority of Article 402 of the Code of Criminal Procedure. Defendant contends this article violates Due Process and Equal Protection.
We have consistently upheld Article 402 against this constitutional attack, and reaffirm that position now. See State v. Leichman, 286 So.2d 649 (La.1974). The bill is without merit.

Bills 2 and 8
Defendant argues these bills together in brief. Bill 2 was taken to the court's denial of defendant's request for additional peremptory challenges, which request was grounded on the allegation that the State was using its peremptory challenges to exclude systematically women and blacks.
*209 We said in State v. Rossi, 273 So.2d 265 (La. 1973), that the motive for exercise of peremptory challenges is not subject to judicial review. The bill is without merit.
Bill 8 was taken to the court's excusing two female jurors who had not filed a declaration of desire to serve as required by Article 402. For the reasons stated in the discussion of Bill 1, this bill is also without merit.

Bills 3, 4 and 6
These bills were taken to the court's denial of a mistrial for allegedly prejudicial racial remarks made by the district attorney.
Article 770 of the Code of Criminal Procedure provides:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
"(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
"(3) The failure of the defendant to testify in his own defense; or
"(4) The refusal of the judge to direct a verdict.
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
The article prohibits remarks referring to race where the comment is not material and relevant and might create prejudice. The killing in the instant case occurred outside Vesta's Lounge, when shots were fired from a passing car. The remarks complained of were to the effect that the lounge was having racial problems, having refused to serve some people of the Negro race. Given the apparently vicious, "night-riding" nature of the shooting and killing, the remarks and subsequent testimony relative to the racial problems at the lounge were relevant to show motive for the incident. Further, there appears to be nothing inflammatory in the manner in which these remarks were made and the evidence presented. The bills are without merit.

Bill 5
Defendant contends that the prosecutor's reference in his opening statement to a "police informer", "bugged automobile", "mike", and "tape recorder" made the jury aware that the State had an inculpatory statement of the defendant. Thus the denial of defendant's motion for a mistrial under Article 767 of the Code of Criminal Procedure was erroneous.
The article states: "The state shall not, in the opening statement, advert in any way to a confession or inculpatory statement made by the defendant." The reason for this prohibition is that, should the confession or statement not be admissible at trial, the jury's knowledge of its existence is prejudicial to defendant's rights. However, where the statement is subsequently introduced at trial, there can be no prejudice to the defendant flowing from the reference in the opening statement. See State v. Rodry, 270 So.2d 508 (La.1972).

Bill 7
In laying a foundation for introduction of the taped statement, the prosecutor propounded certain questions to the witness concerning the manner in which *210 the car was equipped with the electronic eavesdropping equipment. Defense counsel objected to these questions as irrelevant and confusing to the jury. Objection was overruled and this bill reserved.
Legal relevancy is a conclusion of admissibility properly arrived at by a balancing of two factors: necessity and prejudicial effect. The more prejudicial the evidence, the greater the necessity that must be shown to justify its use. The contrary is also true; where, as here, the testimony sought to be elicited, although perhaps not indispensable, is "logically" relevanttends to advance in any way the proposition at issuethen, in the absence of undue prejudicial effect, it may be admitted.
There is no showing of any undue prejudicial effect in this instance. The bill is without merit.

Bills 9 and 10
These bills were taken to the admission of a portion of the taped statement of defendant. Defendant argues two grounds in support of these bills: (1) that Section 450 of Title 15 of the Revised Statutes[1] is unconstitutional as applied in this case, (2) that the transcript of the taped statement is not the best evidence.
With regard to the first ground, defendant in essence contends that the statute is mandatory in requiring that the entire statement be used, if at all. Further, by requiring defendant to request that the entire statement be used, the court forces him to give up his rights under Sections 445[2] and 446[3] to exclude evidence of other crimes.
Pretermitting the inconsistency of defendant's position, we held recently in State v. Haynes, 291 So.2d 771 (1974) that "a party defendant is entitled to insist upon introduction of the entirety of a statement sought to be used against him, although of course he may waive the benefits of the protective statute." Thus, in keeping with the restrictions imposed in Sections 445 and 446, the trial court allowed introduction of only that portion of the statement dealing with the charged crime. Defendant, of course, could have required that the whole statement be introduced. This, however, is his choice to make. If he decides that the evidence of other crimes would outweigh the possible exculpatory value, then he may waive his right to have the whole statement introduced. The third alternative, that of keeping the whole statement out, is not available to defendant, unless, of course, the confession itself is not admissible.
The second ground, that the transcript of the tape is not the best evidence, is without merit. Both the transcript and the corresponding portion of the statement were introduced, the transcript provided the jury for convenience in following the playback of the tape.
The bills are without merit.

Bill 11
This bill was taken to the denial of the motion for a directed verdict. Defendant *211 contends there was no evidence connecting him with the crime charged. The taped dialogue refutes this contention. A careful review of the dialogue, replete with obscene expressions which we will not quote, demonstrates that there was abundant evidence to support the conviction. It is only where there is no evidence at all of an essential element of the crime that the court can upset the jury finding of guilt.

Bill 12
This bill was taken to the refusal of the trial judge to allow two special charges to be put to the jury. The two charges read:
"The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. L.S.A.R.S. 15:437.
"Where a criminal charge is to be proved by circumstantial evidence, the proof must be not only consistent with the defendant's guilt, but inconsistent with any other reasonable hypothesis."
"Before there can be a lawful conviction of a crime the corpus delicti, that is, that the crime charged has been committed by someone, must be proved.
"The mere confession of the accused is not sufficient to establish the corpus delicti.
"An extrajudicial confession does not warrant a conviction, unless it is corroborated by independent evidence of the corpus deliciti."
As to the requested charge on circumstantial evidence, it is not "wholly pertinent". This prosecution was based upon direct evidence, i. e., the taped statement of defendant. La.Code Crim.Proc. art. 807; State v. Gordon, 115 La. 571, 39 So. 625 (1906).
Relative to the second charge, there was no question, but that the corpus delicti was proved; that someone killed the victim Huddleston is undeniable. Therefore, the charge dealing with corroboration of an extra-judicial confession to establish the corpus delicti is inapplicable.

Bill 13
This bill was taken to the denial of defendant's motion for a new trial. This motion was based on the arguments advanced in Bills 3, 4, 5, 6, 9 and 11. For the reasons stated in the discussions relating to those bills, this bill is also without merit.
The bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs in decree only. Moreover, exclusion from jury duty of females is unconstitutional.
NOTES
[1] La.R.S. 15:450 provides:

"Every confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford."
[2] La.R.S. 15:445 provides:

"In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction."
[3] La.R.S. 15:446 provides:

"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."