301 So.2d 339 (1974)
STATE of Louisiana
v.
Donald Ray LINK.
No. 54707.
Supreme Court of Louisiana.
October 11, 1974.
*340 Roy Maughan, Ltd., Roy Maughan, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Douglas P. Moreau, Sp. Prosecutor for the Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, represented by court appointed counsel, pleaded not guilty and not guilty by reason of insanity to the charge of aggravated rape. After trial, defendant was convicted and sentenced to life imprisonment. During the course of his trial defendant reserved and later perfected five bills of exceptions, three of which he now relies upon for the reversal of his sentence and conviction. The remaining two bills were neither briefed nor argued and are considered abandoned. State v. Richmond, La., 284 So.2d 317 (1973).

BILL OF EXCEPTIONS NO. 3
Defense counsel reserved this bill of exceptions to the denial by the trial court of his motion for the appointment of two qualified psychiatrists "to examine defendant and report to defendant's attorney with reference to defendant's mental condition at the time of the alleged commission of the offense." The motion alleged that the defendant was an indigent, and the attorney had made a diligent effort to retain a psychiatrist but had been unable to do so.
A brief history of the procedure prior to this motion is essential to an understanding of the complaint. On January 25, 1973, the trial judge ordered a sanity hearing and appointed two physicians, including the parish coroner, to examine defendant as to his competency to stand trial and sanity at the time of the offense. In connection with the sanity hearing, the two physicians reported in writing that they had examined the defendant and found him competent to stand trial. The written reports expressed no opinion as to sanity at the time of the offense. These reports were admitted at the sanity hearing without objection by defense counsel; accordingly the trial judge decreed the defendant competent to stand *341 trial. On May 8, 1973, reaffirming an earlier oral motion, defense counsel filed a written motion for another medical examination "in order to provide his attorney with information necessary in petitioner's defense." After the motion was taken under advisement by the court, defense counsel abandoned it. On June 22, 1973, defense counsel filed the motion on which the present bill of exceptions is based.
Defendant cites as authority for his request Article 650 of the Louisiana Code of Criminal Procedure, providing:
"When a defendant enters a combined plea of `not guilty and not guilty by reason of insanity,' the court may appoint a sanity commission as provided in Article 644 to make an examination as to the defendant's mental condition at the time of the offense. The court may also order the commission to make an examination as to the defendant's present mental capacity to proceed. Mental examinations and reports under this article shall be conducted and filed in conformity with Articles 644 through 646."
This statute is permissive, rather than mandatory, and invests the trial judge with great discretion in the appointment of a sanity commission. State v. Graves, 247 La. 683, 174 So.2d 118 (1965); State v. Winfield, 222 La. 157, 62 So.2d 258 (1952); State v. Simpson, 216 La. 212, 43 So.2d 585 (1949), cert. den. 339 U.S. 929, 70 S.Ct. 625, 94 L.Ed. 1350. The trial court's ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Rideau, 249 La. 1111, 193 So.2d 264 (1966), cert. den. 389 U.S. 861, 88 S.Ct. 113, 19 L.Ed.2d 128.
When defendant pleads "not guilty and not guilty be reason of insanity" the court is prohibited from determining the defendant's sanity at the time of the offense; this question is reserved for the jury. State v. Eisenhardt, 185 La. 308, 169 So. 417 (1936), cert. den. and appeal dismissed, 299 U.S. 512, 57 S.Ct. 49, 81 L.Ed. 378 reh. den. 299 U.S. 621, 57 S.Ct. 119, 81 L.Ed. 458. The defendant has the burden of establishing the defense of insanity. LSA-C.Cr.P. Art. 652.
In the present case, a Sanity Commission was appointed. Through no fault of the State, the physicians' written reports dealt only with present sanity, or competence to stand trial. Despite this, the defense failed to call the physicians at the trial to interrogate them concerning the issue of sanity at the time of the offense.
The main ground alleged in the motion for the appointment of the second commission was that the defendant was indigent and defense counsel needed the assistance of qualified psychiatrists at state expense to assist him in preparing his defense.
No testimony was taken at the time of the submission and denial of the motion to appoint the second commission of psychiatrists. Later, however, the defense offered the testimony of the Deputy Sheriff who arrested the defendant.[1] He related that the defendant had a history of prior sex offenses and was highly emotional about the crime at the time of his arrest to the extent that he was incoherent.
Assuming that we can consider the note of evidence taken subsequent to the trial court's ruling, the record is insufficient to show an abuse of discretion on the part of the trial judge.
Bill of Exceptions No. 3 is without merit.

BILL OF EXCEPTIONS NO. 4
In this Bill defendant alleges that the lower court erred in finding that defendant's confession was freely and voluntarily made. He alleges that the State *342 failed to prove beyond a reasonable doubt that the confession was in fact free and voluntary, as required by LSA-R.S. 15:451 and cases construing that article. See State v. Skiffer, 253 La. 405, 218 So.2d 313 (1969) and cases cited therein.
Defendant's allegation is without merit. The sheriff's deputies who arrested the defendant and took his taped statement testified that they gave the defendant the preinterrogation warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 and had the defendant sign a rights waiver after reading the defendant his rights and explaining them to him. They further testified that the defendant was 20 years old and that no force, coercion, threats, or duress were used to obtain the confession and that no promises were made to the defendant for his confession. When he was called to testify concerning the voluntariness of his confession, the defendant admitted that he understood his rights before he gave the confession.
In our opinion, the State satisfied its burden of proof.
Bill of Exceptions No. 4 is without merit.

BILL OF EXCEPTIONS NO. 5
Defendant reserved this bill of exceptions when the lower court denied his motion for a mistrial based upon circumstance that the confession admitted in evidence contained statements by the defendant as to other crimes. The other crimes alluded to in the confession were unrelated to the offense with which the defendant was charged.
In the present case, however, defense counsel was aware of the contents of the taped confession. Nonetheless, he reminded the court that LSA-R.S. 15:450 requires that a confession be used in its entirety.
Regarding allusions to unrelated crimes contained in a taped confession, this Court recently stated in State v. Snedecor, La., 294 So.2d 207 (1974):
"[W]e held recently in State v. Haynes, 291 So.2d 771 (1974) that `a party defendant is entitled to insist upon introduction of the entirety of a statement sought to be used against him, although of course he may waive the benefits of the protective statute.' Thus, in keeping with the restrictions imposed in Sections 445 and 446, the trial court allowed introduction of only that portion of the statement dealing with the charged crime. Defendant, of course, could have required that the whole statement be introduced. This, however, is his choice to make. If he decides that the evidence of other crimes would outweigh the possible exculpatory value, then he may waive his right to have the whole statement introduced. The third alternative, that of keeping the whole statement out, is not available to defendant, unless, of course, the confession itself is not admissible."
Following our holding in State v. Snedecor, supra, we hold that the entire confession was properly admitted at defendant's request.
Bill of Exceptions No. 5 is without merit.
In addition to the above bills of exceptions, defendant alleges that his conviction and sentence are invalid because he was represented by an attorney with less than five years experience in violation of Article 512 of the Louisiana Code of Criminal Procedure, requiring that counsel assigned in capital cases have at least five years experience.
It is true that one of the attorneys appointed had less than five years' experience. Appointed to serve with him, however, was a senior counsel whose experience exceeded five years. Hence, defendant was represented by counsel having the required qualifications.
For the reasons assigned, the conviction and sentence are affirmed.
*343 BARHAM, J., dissents with written reasons.
BARHAM, Justice (dissenting).
While the majority correctly poses the factual situation giving rise to Bill of Exceptions No. 3, I am of the opinion that the majority misconstrues the legal issue raised by these facts. The trial court ordered a sanity hearing and appointed two physicians to examine the defendant as to his sanity at the time of the offense, as well as to his competency to stand trial. The physicians reported only that they had examined the defendant and found him competent to stand trial. The defendant filed a motion urging the trial court to carry out its prior order by appointment of two qualified psychiatrists "to examine defendant and report to defendant's attorney with reference to defendant's mental condition * * * at the time of the alleged commission of the offense." This motion alleged that defendant was indigent and that the attorney appointed to represent him had been unable to obtain a psychiatrist to examine him. The majority concludes that the statutory provision for appointment of a sanity commission is framed so as to be permissive, and it therefore vests great discretion in the trial judge. However, that is not the issue here. The trial judge in his discretion decided that a sanity commission was needed to examine the defendant to determine his sanity at the time of the offense. However, the court failed to effectuate this order.
It is my belief that the defendant's motion for the appointment of physicians to carry out the order was improperly denied. Moreover, I am of the opinion that even if a sanity commission is not ordered when a defendant pleads not guilty and not guilty by reason of insanity if the defendant is indigent, the State is obligated to furnish the necessary medical personnel to assist defense counsel in the defense on the plea of not guilty by reason of insanity. The majority says:

"Through no fault of the State, the physicians' written reports dealt only with present sanity, or competence to stand trial. Despite this, the defense failed to call the physician at the trial to interrogate them concerning the issue of sanity at the time of the offense." (Emphasis supplied).
However, the majority previously concluded that the physicians appointed to the sanity commission only examined him in relation to competency to stand trial. The State failed to carry out the rest of the original order for the appointment of the sanity commission. Granting defendant's motion would have cured this omission, which omission must be attributable to the State. Subpoenaing unknowledgeable experts who had not examined for "sanity at the time of the offense" would have served no purpose of defendant. The defendant was entitled to the full examination which his motion called for, because the trial judge had already so ruled. The denial of defendant's motion was not based on any change in conditions. This constitutes reversible error.
Moreover, the defendant's conviction was obtained under a charge for a "capital" offense, but he had representation only by counsel with less than five years' experience, in violation of Article 512 of the Louisiana Code of Criminal Procedure. The official transcript of the sanity hearing and the official transcript of the hearing on the motion "to have court-appointed psychiatrists examine defendant" both show counsel for the defendant to be a lawyer with less than five years of experience. Although the note of evidence at the trial shows on its face that the inexperienced lawyer was associated with experienced counsel, the official minutes of the trial show that at every stage of the proceedings only the inexperienced lawyer was present representing the defendant, except *344 that upon the first day of trial, which began at 11:43 a. m., the minutes reflect that the experienced lawyer was present at 4:17 p. m. and at 5:20 p. m. It may perhaps be deduced from the minutes that he was present from 4:17 p. m. to 6:31 p. m. at which time court was adjourned for that day. The experienced lawyer apparently made no appearance on the second day of trial when most of the evidence was presented, when the defendant's oral confession was placed before the jury, when oral argument was had and the judge's charge to the jury given, and when the verdict was returned. It is evident then that all preliminary motions and every stage of the trial involving these motions were handled by counsel disqualified by specific statute. A maximum of two hours' appearance during the two-day trial was made by counsel that met the statutory standard of legal experience. The conclusion that the defendant was prejudiced might easily be drawn, for example, from an examination of the majority's review of Bill of Exceptions No. 5. What experienced attorney would have incurred such prejudice for his client by requiring the State to expose to the jury other unrelated offenses when our Court readily admits that those offenses could not have been admitted had not the defense counsel insisted upon it?
In my opinion there has been a substantial violation of a statutory right of the defendant. La.C.Cr.P. Art. 921. La.C.Cr.P. Art. 512 expresses the wisdom of the legislature in requiring some practical legal expertise before a lawyer may be forced upon a defendant in a "capital" trial. It has fixed that required practical experience at a minimum of five years. The facts of this case clearly establish that this defendant was represented by counsel who did not meet these qualifications. That alone is sufficient for reversal. However, I have pointed to the prejudice which actually flowed from the violation of the statute, i. e., the use of inexperienced counsel who committed grave error in this trial.
For these reasons I respectfully dissent.
NOTES
[1] The motion was submitted and denied on June 22, 1973. Defense counsel then reserved a bill of exceptions. The testimony was taken on June 25, 1973. The State objected. The court ruled: "I don't think it's proper, but I'm going to let you go ahead and do it."