PER CURIAM *.
Defendant, George Brooks, Jr., was tried and convicted of first degree murder and sentenced to death. The penalty phase of defendant’s trial was conducted by an assistant to the lead defense counsel. However, at the time of the trial the assistant had been practicing law for less than five years. Based solely on this lack of experience, the trial court vacated defendant’s sentence and ordered a retrial of the penalty phase, despite finding that assistant defense counsel “did a remarkably good job.” We grant the *340 State’s writ application and hereby reverse the decision of the trial court.
La.C.Cr.P. art. 512 provides in pertinent part:
... Counsel assigned in a capital ease must have been admitted to the bar for at least five years. An attorney with less experience may be assigned as assistant counsel.
In State v. Link, 301 So.2d 339 (La.1974), this court held that the appointment of senior defense counsel with experience exceeding five years, who served with another appointed defense attorney having less than five years’ experience, was sufficient to satisfy the requirements of La.C.Cr.P. art. 512. In the present case, Mr. Brooks was represented by lead counsel who met the experience requirements of La.C.Cr.P. art. 512. The mere fact that the penalty phase of defendant’s trial was conducted by assistant counsel with less experience does not automatically invalidate the penalty imposed upon defendant.
Accordingly, the judgment of the trial court is reversed and the ease is remanded to the trial court for imposition of sentence in accordance with law.
JOHNSON, J., concurs. The attorney with five years experience was present in court.

 MARCUS, J., not on panel. Rule IV, Part 2, § 3.