(81 South. 320)

No. 23181.

STATE v. SMITH.

(March 3, 1919. Rehearing Denied March 31, 1919.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ☞547(2)—EVIDENCE—TESTIMONY ON PRELIMINARY EXAMINATION.

The testimony on preliminary examination of defendant charged with murder would have been inadmissible if the stenographic notes had been offered as being a voluntary declaration or confession, such as Rev. St. § 1010, refers to the testimony not having been taken in accordance with the statute.

2. WITNESSES ☞393(2)—IMPEACHMENT—TESTIMONY ON PRELIMINARY EXAMINATION.

Stenographic notes embodying the testimony on preliminary examination of defendant charged with murder were admissible as testimony given by defendant on a former trial to impeach him in his denial on cross-examination that he had made certain statements in his testimony on preliminary examination.

3. CRIMINAL LAW ☞547(4)—EVIDENCE—AUTHENTICATION OF STENOGRAPHER'S NOTES.

Testimony of stenographer who took down defendant's testimony on preliminary examination that he had no present recollection of what the testimony had been, but that whatever it was it had been correctly taken down, rendered his stenographic notes admissible in chief.

4. CRIMINAL LAW ☞396(2)—TESTIMONY ON PRELIMINARY EXAMINATION—USE OF PART FOR IMPEACHMENT — INTRODUCTION OF WHOLE.

Testimony on preliminary examination of defendant charged with murder, embodied in stenographic notes, and introduced to rebut and impeach defendant who had denied on cross-examination that he had made certain statements as to what occurred at the time and place of the homicide in his testimony on preliminary examination, should have been introduced as a whole, or, at any rate, defendant should have

144 LA.—26

been allowed to introduce other relevant parts of it.

5. CRIMINAL LAW ☞396(2)—EVIDENCE—INTRODUCTION OF WHOLE WRITING OR CONVERSATION.

The prosecution in offering a writing or conversation must not garble it, or select parts and exclude other parts which might be elucidative of the parts selected.

6. WITNESSES ☞394 — IMPEACHMENT — CONTRADICTION AND REBUTTAL.

Evidence offered in impeachment of a witness is open to contradiction and rebuttal.

O'Niell, J., dissenting.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; James Andrew, Judge.

William H. Smith was convicted of manslaughter, and appeals. Judgment and verdict set aside, and case remanded for new trial.

Blackman, Overton & Dawkins, of Alexandria, for appellant.

A. V. Coco, Atty. Gen., and T. A. Carter, Dist. Atty., of Alexandria (John R. Hunter, of Alexandria, and T. W. Robertson, of New Orleans, of counsel), for the State.

PROVOSTY, J. The accused was tried before a jury for murder, was convicted of manslaughter, was sentenced to the penitentiary, and has appealed.

He having denied on cross-examination that he had made certain statements in his testimony on the preliminary examination of his case, the prosecution, in rebuttal and for the purpose of impeaching him as a witness, put on the stand the stenographer who had taken down the testimony at the preliminary examination; and after this stenographer had testified that he had no recollection of what the said testimony had been, but remembered that he had taken it down correctly, the prosecution offered in evidence the statements in question.

To this offer, accused made the following objection:

"At the preliminary examination of the accused his testimony was not taken in conformity with section 1010 of the Revised Statutes of 1870, and especially in view of the fact that the deposition (of accused) was not signed by the person (accused) and not signed by two witnesses, and that the correctness of this testimony representing the transcription of the stenographer's notes, has not been established by the oath of any witness; and upon the further ground that it is only part of the testimony and that the testimony as a whole should be introduced, and, if introduced as a whole, would show that the statement made by defendant upon the preliminary examination is exactly the same statement made by him upon the witness stand."

This objection was overruled, and the statements in question were read to the jury. The accused, then, with reserve of said objection, offered in evidence the stenographic notes as a whole, contending that as a whole they would show absence of conflict with his testimony on the present trial; and the offer was denied, for the reason that—

"The accused could not have introduced the testimony taken on the preliminary trial for any purpose."

[1-3] If the said stenographic notes had been offered as being a voluntary declaration, or confession, such as section 1010, R. S., has reference to, the objection made by accused would have been, for the reason stated in it, well taken. State v. Thompson, 116 La. 829, 41 South. 107. But they were offered as being testimony given by the witness on a former trial—to impeach him. As such, they were admissible. Marr's Crim. Juris. 749; State v. Ashworth, 139 La. 590, 71 South. 860. They would have been admissible in chief, for the reason that the stenographer testified that he had no present recollection of what the testimony had been, but that, whatever it was, it had been correctly taken down. 40 Cyc. 2467; Wigmore, pars. 734, 735, 736, 737, and 738; State v. Menard, 110 La. 1102, 35 South. 360.

[4] We think, however, that said testimony, in so far as it bore upon the subject-matter of the statements which were sought to be contradicted by it, should have been introduced as a whole, or, at any rate, that the accused should have been allowed to introduce the other relevant parts of it. Marr's Crim. Juris. 654; 10 R. C. L. 1088; 16 Cyc. 1039. Such a thing might be as that the parts selected by the state for introduction might create a different impression from what the testimony as a whole might do; so that the contention of the accused, that this testimony taken as a whole would not show any conflict with his testimony on the present trial, might be well founded. The statements sought to be contradicted bear upon what occurred at the time and place of the homicide. Either all or none of said testimony in that connection ought to be received, and the refusal to receive the whole was error; and, as the error may have been prejudicial, the judgment and verdict must be set aside.

[5, 6] The ruling is sought to be justified on the two grounds: That the voluntary declaration referred to in section 1010, R. S., is not admissible evidence in favor of the accused; and that surrebuttal is not allowed. Very true, but the prosecution in offering a writing or conversation must not garble it, or select parts, and exclude other parts which might be elucidative of the parts selected; and the main purpose of this evidence was impeachment, and evidence offered in impeachment is open to contradiction. Otherwise, after an accused was through with his evidence, the prosecution might impeach all his witnesses, and he be helpless, no matter how well prepared he might be to rebut the impeaching evidence.

The judgment and verdict are set aside, and the case is remanded for trial.

See dissenting opinion of O'NIELL, J., 81 South. 321.