STATE OF IOWA, Appellee, v. CAM ARCHIBALD, Appellant.

**WITNESSES:** Impeachment—Right to Rebut Impeaching Testimony.
1 Testimony by grand jurors which tends to show, by way of impeachment, that a witness for an accused made statements before the grand jury inconsistent with the statements of the witness at the trial arms the accused with right to show by the clerk of the grand jury that the grand jurors were mistaken,—that the testimony of the witness in question was the same on both occasions. (See Book of Anno., Vol. 1, Sec. 11255, Anno. 20 *et seq.*)

**CRIMINAL LAW:** Evidence—Declarations of Conspirators—Competency.
2 tency. Declarations of a coconspirator which are made on the morning following the commission of the crime in question, and in the absence of the defendant on trial, are inadmissible against the latter. (See Book of Anno., Vol. 1, Sec. 13162, Anno. 38 *et seq.*; Sec. 13897, Anno. 47 *et seq.*)

Headnote 1: 28 C. J. p. 815; 40 Cyc. p. 2753. Headnote 2: 16 C. J. p. 659.

Headnote 2: 1 R. C. L. 520.

*Appeal from Appanoose District Court.*—E. S. WELLS, Judge.

OCTOBER 1, 1927.

On the 29th day of September, 1925, the grand jury of Appanoose County indicted Cam Archibald for the crime of breaking and entering a certain chicken house. Upon trial to a jury, a verdict of guilty was returned, and thereafter the defendant was committed to men's reformatory, at Anamosa, for an indeterminate sentence of ten years at hard labor.—*Reversed and remanded.*

*C. H. Elgin* and *Fee & Smith,* for appellant.

*Ben J. Gibson,* Attorney-general, and *C. W. Howell,* County Attorney, for appellee.

KINDIG, J.—The State declares that, on the 31st day of July, 1925, a henhouse in Appanoose County belonging to Paul Caylor was broken into, and several of the chickens therein

kept, and owned by said Paul Caylor and Lee Walker, were stolen and carried away. Defendant, Cam Archibald and one Otto Whisler were separately indicted for the offense. One hundred thirty-three errors are assigned. We deem it necessary, however, to consider but two. One relates to the district court's refusal to admit certain evidence, and the other pertains to the wrongful admission thereof.

I. Fowls belonging to Caylor and Walker were marked by the use of a punch, in that the webs between the toes were perforated and torn, usually leaving "scalloped" appearance. It

1. WITNESSES: impeachment: right to rebut impeaching testimony.

is contended that the sheriff found some of these birds at the home of defendant. Contradictory to this allegation, the theory of the defense was that said Archibald and his wife owned poultry, and that they were marked in a similar way, except that the web was removed by scissors, which left a clear cut, without perforation or fringes. Mrs. Archibald avowed at the trial that she and Mr. Archibald thus used scissors. As a basis for impeachment, this woman was asked if she did not say before the grand jury that shears were employed by her, and said defendant handled the punch. After denial by the witness, members of said jury were called, on behalf of the State, and testified to the effect that defendant's wife did say, when before said preliminary body, that she marked with "scissors," and he utilized the "punch." To overcome this contradiction and impeachment, the defense, by way of surrebuttal, offered to show, through the clerk of said inquisitorial body, that the said jurors were mistaken, and that Mrs. Archibald swore to the same facts before said body as she did at the hearing in question. In harmony with the State's objections, the court refused to permit said clerk to so state, and further declined to admit into the record the minutes of the evidence of Mrs. Archibald taken in the grand jury room and signed by her. This conduct of the district court's is asserted as error. We think the assignment has merit. When warranted by the occasion, the clerk of the grand jury may properly be called to disclose consistent or contradictory evidence given before that body. *State v. McPherson*, 114 Iowa 492. See, also, *State v. Hector*, 158 Iowa 664; Code of 1924, Section 13725. Under said statutory enactment, statements of a witness before said tribunal

have been permitted to be shown at a future trial, with the object of disputing and traversing. *Wildeboer v. Petersen,* 187 Iowa 1169, 1176. Notice is to be taken of the fact that the reason for the disclosure permitted by said section is "for the purpose of ascertaining whether it [testimony] is consistent * * * ." Discriminating, there is a rule that:

"* * * after an attempt is made to impeach a witness by proving that he has made statements out of court inconsistent with his sworn testimony, it is not competent, for the purpose of sustaining him, to prove that at other times he made statements out of court consistent with his statement * * * ." 28 Ruling Case Law 649, Section 233; *State v. Porter,* 74 Iowa 623; *Kesselring v. Hummer,* 130 Iowa 145.

But said doctrine "has no application to evidence offered for the purpose of contradicting impeaching witnesses who say that the first witness made inconsistent statements, when in fact he has not done so." 28 Ruling Case Law 649, Section 233. Admission of such rebuttal amounts to proper corroboration, and in the interests of fairness and justice it is necessary and proper. Doing this cannot be condemned because the trial is thereby tediously prolonged and the field of cumulation entered. *Suravitz v. Prudential Ins. Co. of America,* 261 Pa. St. 390 (104 Atl. 754); *People v. Crane,* 34 Cal. App. 760 (168 Pac. 1055); *State. v. Smith,* 144 La. 801 (81 So. 320); *Rials v. State,* 211 Ala. 615 (101 So. 629); *Jordan v. State,* 154 Ga. 390 (114 S. E. 349); *State v. Manville,* 8 Wash. 523 (36 Pac. 470); *State v. Houghton,* 45 Ore. 110 (75 Pac. 887); *Kennedy v. Commonwealth* (Ky.), 109 S. W. 313; *Bronson v. Leach,* 74 Mich. 713 (42 N. W. 174). See, also, *State v. Mims,* 36 Ore. 315 (61 Pac. 888). *State v. Houghton,* supra, concludes:

" * * * but it [evidence offered and admitted] was with the view of showing that there was no inconsistency in his [witness's] testimony on the two trials, and that the witness called to impeach him was mistaken. For that purpose it was competent."

*Bronson v. Leach,* supra, contains this statement:

"A witness asked an impeaching question upon cross-examination and answering it in the negative, can always be supported in rebuttal if any evidence is introduced by the other side to show his answer untrue."

Manifestly, therefore, the defendant's witness should have been permitted to answer the interrogatories.

II.   Next, protest is made because the sheriff was permitted to tell the jury, at the defendant's trial, statements made by said Whisler on the morning after the alleged crime.   Insistence is made by the State that defendant and Whisler were coconspirators in breaking into the building and stealing the property, and therefore declarations of one are admissible against the other.   Within certain limitations this is true.   *State v. McGee*, 81 Iowa 17; *State v. Walker*, 124 Iowa 414; *State v. Donavan*, 125 Iowa 239; *State v. Gilmore*, 151 Iowa 618, 620; *State v. Philleo*, 174 Iowa 699; *State v. Priebe*, 198 Iowa 609.

2. CRIMINAL LAW: evidence: declarations of conspirators: competency.

Acts and assertions of this kind, however, must be limited (1) to the furtherance of the unlawful plan and (2) to the duration and continuance thereof.   *State v. Walker*, supra; *State v. McGee*, supra; *State v. Poder*, 154 Iowa 686; *State v. Crofford*, 121 Iowa 395; *State v. Gilmore*, supra; *State v. Tedd*, 196 Iowa 292.

Returning now to the subject under complaint here, we find that the officer was asked to relate, over defendant's objections, the following:

"I asked him [Otto Whisler] where he was the night before, and he said he and his wife were home all night.   I said that was funny how they could lie * * *.   He [Otto Whisler] admitted they [Mr. and Mrs. Whisler] had been over there [at defendant's home] the evening before."

The time inquired about was remote.   Said unlawful venture, if there was one, had discontinued.   Revelation was not made of acts in furtherance of the illegal combination.   Those admissions and inconsistent statements could in no way bind the defendant or amount to legal evidence of his guilt when, as in this case, he was absent, and did not hear said conversation.   Such prejudicial expressions would serve as an admission or declaration against interest on the part of said Whisler, but the laws of evidence forbid their use against said Archibald.   *State v. Crofford*, supra; *State v. Poder*, supra.

Said errors were prejudicial to the defendant, and because thereof a new trial must be granted, and the judgment of the

district court should be, and hereby is, reversed, and the cause remanded.—*Reversed and remanded.*

Evans, C. J., and Stevens, Faville, and Wagner, JJ., concur.