291 So.2d 771 (1974)
STATE of Louisiana, Appellee,
v.
Alfred HAYNES, Appellant.
No. 53975.
Supreme Court of Louisiana.
February 18, 1974.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
Murphy W. Bell, Director, Warren J. Hebert, Trial Atty., Baton Rouge, for defendant-appellant.
TATE, Justice.
The defendant Haynes was convicted of manslaughter, La.R.S. 14:31, and sentenced to fifteen years' imprisonment. Upon his appeal, he relies upon two bills of exceptions. One bill (No. 2) presents clear and *772 reversible error by substantial violation of a statutory right of the accused.
The evidence shows the killing arose out of the following facts:
The wife of the defendant Haynes had returned to her family home. Haynes went to get her to return to his home. Haynes and his wife and sister-in-law and niece were struggling, when the niece called for help from the sister-in-law's common-law husband, Stewart, who was living in the house. Stewart immediately came with a knife and stabbed Haynes in the shoulder. At this time, the defendant Haynes pulled a .22-calibre pistol from his belt.
Stewart then ran to the door, stopped, and turned back to face Haynes. Haynes then shot and killed him, hitting him in the center of the forehead. Stewart fell, the knife still in hand. Haynes claimed he shot Stewart because of his fear that Stewart was going to stab him again.
It is in this context that the Bill of Exceptions No. 2 was taken:
Haynes had taken the stand to explain his version of the accident. Under cross-examination and over objection of his counsel, the prosecutor questioned the defendant from a statement that he had given the police on the night of the killing, reading his estimate that the kitchen was 50 or 60 feet from the front door, where Stewart was standing when he was shot. (The implication sought to be made was that Stewart was shot when he was that far distant from the accused, whereas other testimony had placed him at a spot about fourteen feet distant.)
When the prosecutor sought to read the excerpts, the defendant objected and requested that the whole statement be read. When this objection was overruled, a bill was taken and perfected as Bill of Exceptions No. 2.
This bill is based upon La.R.S. 15:450, which provides: "Every confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole document may afford." (Italics ours.) By this mandate, a party defendant is entitled to insist upon introduction of the entirety of a statement sought to be used against him, although of course he may waive the benefits of this protective statute.
The prosecution cites no authority to justify this presentation of excerpts only from the entire statement, over defendant's objection, in defiance of this legislative mandate. (As a matter of fact, he repeatedly cut off the efforts of the defendant-witness to explain the excerpts as not being inconsistent with his testimony that he and the defendant were close together when he shot.) Although in oral argument the prosecutor contended that the legislative mandate applies only to proof of the state's case in chief, we could find no legal authority for this contention.
Under similar circumstances, when part only of testimony taken at a preliminary examination was sought to be used against the accused by the state in cross-examination, this court long ago reversed. State v. Smith, 144 La. 801, 81 So. 320 (1919). In so doing, Justice Provosty for the court explained:
"The statements sought to be contradicted bear upon what occurred at the time and place of the homicide. Either all or none of said [prior] testimony ought to be received, and the refusal to receive the whole was error. . . . [T]he prosecution in offering a writing or conversation must not garble it, or select parts, and exclude other parts which might be elucidative of the parts selected . . .." 144 La. 804, 81 So. 321.
See also State v. Rideau, 249 La. 1111, 193 So.2d 264, 274 (1967).
Aside from the legislative mandate in Louisiana (at least to the extent the defendant *773 insists upon compliance therewith), the rule requiring contemporaneous introduction of the entirety of relevant portions of a statement sought to be used against a person, rather than selected excerpts, is a rule of fairness observed in American jurisdictions, for reasons essentially those set forth by Justice Provosty above quoted. 3 Wigmore on Evidence, Section 1045 (Chadbourne rev. 1970); 7 Wigmore on Evidence, Sections 2094, 2098, 2100, 2103 (3d ed. 1940); McCormick on Evidence, Section 56 (2d ed., 1972). As these authorities note, however, this rule of fairness may not be utilized to put in irrelevant or incompetent evidence or to put before the jury evidence whose peripheral relevance is outweighed by its prejudicial effect.
Similarly, for instance, our civil procedure requires contemporaneous introduction of all relevant parts of a deposition offered in evidence by a party, rather than of selected excerpts. La.C.Civ.P. art. 1428(4); Broussard v. State Farm Mutual Auto Insurance Co., 188 So.2d 111, 118-120 (La.App.3d Cir. 1966) writ ref., 249 La. 713, 190 So.2d 233 (1966), cert. den. 386 U.S. 909, 87 S.Ct. 855, 17 L.Ed.2d 783.
The deliberate attempt to use an excerpt from, rather than the entirety of, the defendant's prior admission or confession, in violation of La.R.S. 15:450, is reversible error. It is not harmless, aside from its essential unfairness, because it constitutes a substantial violation of a statutory right of the accused. La.C.Cr.P. art. 921.
This being so, we need not comment upon the use of this statement of the accused without laying the predicate of its free and voluntary nature. La.Const. Art. I, Section 11 (1921); La.R.S. 15:451. We further need not expressly rule on Bill of Exceptions No. 1, taken to the trial court's overruling of a leading question used by the prosecutor to a state witness, La.R.S. 15:277, nor note the several other leading questions similarly used, to which objections were overruled.
Nevertheless, to avoid a similar reversal because of prosecutorial excess in the event of conviction after re-trial (if there is a re-trial), we feel obliged to note not only these deficiencies, but also that the opening statement by the prosecution went beyond its statutory scope, La.C.Cr.P. art. 766, in its prejudicial and argumentative nature, State v. White, 244 La. 585, 153 So.2d 401 (1963), and that the deliberate attempt of the prosecution to question a member of the defense staff on what the defendant had told him, in violation of the attorney-client privilege, and the belittling before the jury of defense counsel for asserting it[1], is not compatible with the standards of fair trial and of fair prosecution expected in American courts. American Bar Association Standards for Criminal Justice, Standards 5.5, 5.6(c), and 5.7(c), Relating to the Prosecution Function (approved draft, 1971).[2]
Both trial and appellate tribunals are under a duty to enforce the constitutional, statutory, and jurisprudential requirements of procedure designed to afford a fair trial to those accused before our courts. When, as here, a reversal is legally required, all too often the courts may be blamed for applying the law, to which all of uscourt, prosecution, and accusedare subject, when the cause of the reversal is not the courts, but simply a prosecutorial refusal to *774 follow the law in order to secure an easy trial conviction, however certain the appellate reversal.
For the foregoing reasons, the conviction is reversed and the sentence set aside, and the case is remanded for a new trial.
Reversed and remanded for a new trial.
DIXON, J., subscribes fully to the majority opinion and assigns additional concurring reasons.
SANDERS, C. J., dissents with written reasons.
SUMMERS and MARCUS, JJ., dissent.
SANDERS, Chief Justice (dissenting).
LSA-R.S. 15:450 provides:
"Every confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford."
In the present case, the State cross-examined the defendant, who testified in his own behalf, about several assertions he had made in a pre-trial statement to the police. Apparently being satisfied with the defendant's answers, the State proceeded no further with impeachment and did not offer the prior statement in evidence. See LSA-R.S. 15:493.
The majority has set aside the manslaughter conviction, because in the cross-examination, the State did not read the entire statement. I believe that this holding is erroneous.
The language of LSA-R.S. 15:450 means that when a confession or statement is used against the defendant, that is, introduced in evidence, it must be used in its entirety. The general rule elsewhere is in accord. See 23 C.J.S. Criminal Law, § 820, p. 199. The statute does not prevent the State from interrogating the witness about designated portions of a statement.
Since the statement here was never offered in evidence, the statute has no application.
State v. Smith, 144 La. 801, 81 So. 320 (1919), relied upon by the majority is inapposite. There, over defense objection, a portion of the prior statement was introduced in evidence.
The effect of this holding is that the defendant cannot be cross-examined on any assertion made in an investigative interrogation, confession, or written statement without reading or recounting the entire content in the presence of the jury.
For the reasons assigned, I respectfully dissent.
NOTES
[1] After the attorney for the defendant objected and pointed out that the attorney-client relationship protected disclosure of the information sought, the prosecutor replied: "Well, I know that. If he's so sensitive about it, I'll withdraw the question. I don't have any other questions." Tr. 137.
[2] We note, too, that the prosecutor called the defendant's wife to testify and requested that she claim the husband-wife privilege before the jury; after this insistence, the defense waived the privilege. See Prosecution Standard 5.7: "A prosecutor should not call a witness who he knows will claim a valid privilege not to testify, for the purpose of impressing upon the jury the fact of the claim of privilege. In some instances, as defined in the Code of Professional Responsibility, doing so will constitute unprofessional conduct."