CALOGERO, Justice.
The defendant, Floyd J. Fontenot, was charged by Bill of Information with violation of La.R.S. 14:64, armed robbery. He was found guilty by a twelve man jury on February 8, 1973. On September 7, 1973, the defendant was sentenced to be confined for a period of twenty years at hard labor without benefit of parole, probation or sus *195 pension of sentence m the custody of the Louisiana Department of Corrections.
The defendant reserved one bill of exceptions during the trial upon which he now relies for a reversal of his conviction and sentence.
The bill of exceptions' was reserved when Detective Ronnie Alford of the Baton Rouge Police Department was allowed to testify as to an inculpatory oral statement made by defendant. A more lengthy tape recording of defendant including the portion as to which the officer testified had been previously ruled inadmissible by the trial court.
On August 14, 1972, defendant was arrested on a warrant for armed robbery in Bay Minette, Alabama. The day after his return to Baton Rouge, he was interviewed by detectives of the Baton Rouge Police Department. The record reveals that after being advised of his constitutional rights defendant admitted to having committed three armed robberies and four forgeries. This confession was recorded on tape.
During the trial, the State sought to introduce that portion of the tape relating to the confession of the crime for which the defendant was being tried.[1] Defense counsel objected to the introduction of the portion of the tape relative to the crime charged based on La.R.S. 15:450. That statute provides:
“Every confession, admission or declaration sought to be used against anyone must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole story may afford.”
He also objected to the introduction of the tape in its entirety because of the tape’s inclusion of admission to several crimes in addition to the crime for which he was on trial. The trial court sustained defense counsel’s objections and ruled both the tape portion and the entire tape inadmissible, finding merit in each of defendant’s objections.
After ruling the tapes inadmissible, the trial court allowed Officer Alford to testify concerning defendant’s oral admission (at the time the tape was recorded) relative to the robbery for which defendant was charged.
Defendant submits that the testimony of Detective Alford deprived him of the benefit of the excluded tape (purportedly “exculpatory” portions) and subjected him to certain disadvantages; exclusion of the tape deprived defendant of the use of exculpatory statements presumably contained therein. Therefore, defendant submits that the result in view of the totality of circumstances led to certain inequitable, unjust, and prejudicial results.
We find this reasoning to be untenable. In States v. Haynes, 291 So.2d 771 (1974) this Court said, “A party defendant is entitled to insist upon introduction of the entirety of a statement sought to be used against him, although of course he may waive the benefits of tlie protective statute.” (R.S. 15:450) The defendant cannot complain of being deprived of the use of any exculpatory statements on the tape. The choice was his to make. And, defense counsel had an opportunity, during cross-examination of Officer Alford, to elicit from Officer Alford exculpatory portions of the oral statement given by defendant to the officer.
Further, in reviewing that portion of the transcript in which the tape was played to the trial court out of the presence of the jury, we find no statements by the defend *196 ant, which would be of an exculpatory nature.
Under these circumstances we find no error in the trial judge’s excluding the tape portion, and the entire tape recording, sought to be introduced, and permitting the officer to testify as to defendant’s oral admission concerning only the crime for which he was being tried.
We find the bill without merit.
For the above assigned reasons, the conviction and sentence of the defendant, Floyd J. Fontenot, are affirmed.
Affirmed.
SANDERS, C. J., concurs in the result.

. At the beginning of the taped confession the defendant was advised of his constitutional rights. Admissions concerning each crime were separated and placed successively on the single tape.