SEXTON, Judge.
The defendant, Marshall Sutton, is appealing his manslaughter conviction. On January 28, 1983, the defendant was found guilty following a jury trial and was sentenced to serve twelve years at hard labor. Thereafter, the defendant timely'filed this appeal. The defendant’s conviction for manslaughter is reversed and the cause remanded for a new trial because we find merit in the defendant’s first assignment of error. We therefore do not reach the defendant’s other two assignments of error.
This prosecution results from a shooting which occurred on January 2, 1983 at approximately 9:00 p.m. in the parking lot of the 501 Club in Winn Parish. Just prior to the shooting the victim, Clotile Carter was a passenger in a truck being driven by her cousin, Eddie Ray Prudhomme. The defendant was in his own car. The defendant requested that the victim exit her cousin’s car, at which time he apparently pulled out a large caliber pistol and began firing. While the testimony is in conflict on several points, it appears that the defendant was yelling at the victim while in the process of shooting at her because he believed she had given out his private phone number. It also appears that when the firing began the victim and the defendant were on opposite sides of the defendant’s vehicle. The state contended that the defendant was shooting in the direction of the victim when she was shot. The defense asserted that the defendant was firing in the air to get her attention when he was grabbed from behind by a person who had just exited the club and that the fatal shot was fired during the scuffle which ensued.
In Assignment of Error No. 1, in which we find merit, the defendant complains that the trial court erred in overruling the defense objection to the use of part of the defendant’s statement for the purposes of impeaching the defendant’s testimony without introducing the entire statement.
At trial, the defendant took the stand in his own defense and testified that he had initially shot in the air during an argument with the victim. He further stated that after he stopped shooting, a Mr. Williams grabbed him from behind. The defendant stated that during that struggle the gun went off, striking the victim. On cross examination the defendant also testified that he shot in the air twice prior to being grabbed by Williams. The prosecutor then asked the defendant if he had not given a statement on the night of the shooting to Deputy Davies, the investigating officer, to the effect that he had tried to “shoot by her side.” The question was asked in several forms without objection and on each occasion the defendant, in one form or another, stated that he did not know whether he had given such a statement.
Deputy Davies, who had previously testified, was called in rebuttal. After proof of Miranda compliance and the voluntariness of the confession, the prosecutor asked the deputy if the defendant had been asked the question: “Was you aiming at her?” The deputy responded that he had asked this question and that the defendant had answered him. At this time, defense counsel objected to any part of the defendant’s statement being taken out of context “without the rest of if — the explanations given are being introduced to the jury.” The objection was overruled and Deputy *1089 Davies subsequently read the following excerpt from the statement:
No, I called myself shooting on the side of her, you know, she was running ... cause when she run I thought she’d meet around the other truck but I was shocked when I ... man, I couldn’t see ... come on, no, I wasn’t aiming at her. Cause what happened ... ain’t hit or ... something ... man, I didn’t want to shoot no woman. Man, not her. No woman, nobody, unless somebody was ... the only way I’d want to shoot somebody is attacking me or, you know, that did me some wrong, attacking me or hurting me or something. That’s the only way I want to shoot anybody other than that ... oh, man, especially a woman, gee whiz.
With respect to the use of a confession or inculpatory statement, LSA-R.S. 15:450 requires:
Every confession, admission, or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford.
The landmark decision with respect to this statute is State v. Haynes, 291 So.2d 771 (La.1974). In Haynes, a manslaughter prosecution, the prosecutor questioned the defendant from a statement that he had given the police on the night of the killing. When the prosecutor sought to read excerpts from the statement, the defense objected and requested that the whole statement be read. The trial court overruled the defendant’s objection. The Supreme Court held that, “The deliberate attempt to use an excerpt from, rather than the entirety of the defendant’s prior admission or confession in violation of LSA-R.S. 15:450, is reversible error.” Justice Tate writing for the narrow majority further stated that use of an excerpt rather than the entirety of an admission “is not harmless, aside from its essential unfairness, because it constitutes a substantial violation of a statutory right of the accused.” Haynes, supra, at p. 773.
We are unable to distinguish Haynes from the instant case even though the defendant himself was not being examined at the time of the defense’s request that the entire statement be used — as was the case in Haynes. During the cross examination of the defendant he was not questioned concerning specific excerpts from the statement at issue. Thus, the first questions quoting excerpts from the statement occurred during the rebuttal testimony of Officer Davies, at which point there was a timely objection and request for the entire statement. As we appreciate Haynes, it interprets the mandate of LSA-R.S. 15:450 to be absolute except in situations where other crimes are mentioned in the statement.[1] However, the defendant in this instance sought to take advantage of his statutory right under LSA-R.S. 15:450 to have his confession admitted in its entirety. The trial court’s action in overruling the defense counsel’s objection denied him this right, and as such constitutes reversible error.
For the reasons aforesaid the conviction and sentence of the defendant are reversed and the case is remanded to the trial court.
REVERSED AND REMANDED.

. In that case the defendant has the option to request that those portions regarding other crimes be excised. See State v. Snedecor, 294 So.2d 207 (La.1974); State v. Green, 443 So.2d 531 (La.1983), unless the "other crimes” are interrelated with the crime for which the defendant is on trial. See State v. Moore, 344 So.2d 973 (La.1977).