JzFITZSIMMONS, Judge.
The defendant, Robert Lee Duke, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. He pled not guilty and, after trial by jury, was found guilty of the responsive offense of manslaughter, a violation of La. R.S. 14:31. He received a sentence of ten years at hard labor. The defendant has appealed, alleging fourteen[2] assignments of error.
Because we find merit in assignments of error numbers ten and twelve[3], we must reverse and remand for a new trial. Therefore, we do not consider herein all of the errors assigned by the defendant.

FACTS

At approximately 2:00 a.m. on June 10, 1993, the defendant shot and killed Jerry Dixon. The victim was riding in a ear driven by his friend, Jimmie Bryan, when the victim suddenly recognized the defendant’s truck in a turnaround lane on Airline Highway just north of the Fairgrounds in East Baton Rouge Parish. The defendant was a passenger in his truck. The defendant’s girlfriend, Ann Marie Tuceio, was the driver. Ms. Tuc-cio had apparently left her sunglasses at the Whispering III Lounge in Prairieville, where she worked as an exotic dancer. The defendant and Ms. Tuceio had stopped in the turnaround lane, and were preparing to go back to the Whispering III Lounge to retrieve the glasses.
*1177 Acting on the victim’s instructions, Bryan drove up next to the defendant’s truck. The victim quickly exited and approached hMs. Tuccio, his former girlfriend and the alleged mother of his son. According to Bryan, the victim put his arm around Ms. Tuccio and was asking about his son. They talked for about five minutes, at which point the defendant retrieved a gun from the glove compartment. The victim stated: “What you’re going to do, shoot me now?” The victim then turned around and stuck out his tongue at Bryan. As the victim began to turn back around toward the defendant, the defendant fired a single shot from inside the truck which struck the victim in the back of the head. Bryan fled the scene at high speed and reported the shooting to the State Police at Troop A.
Meanwhile, the defendant and Ms. Tuccio went to the defendant’s trailer on Peeue Lane. At some point that night, the defendant left and went to his grandparents’ camp in Ponehatoula, Louisiana. The defendant was arrested later that day. His gun was subsequently recovered from a pipe or culvert at the camp in Ponehatoula.
At the trial, Bryan related the above version of the shooting. However, Ms. Tuccio and the defendant related a very different version. According to their testimony, the victim attacked Ms. Tuccio, rather than simply putting his arm around her. They indicated that the victim choked Ms. Tuccio. The defendant specifically testified that he verbally warned the victim three times to get out of the truck before he fired. According to the defendant, he shot the victim to end this attack on Ms. Tuccio.
While evidence of the victim’s previous attacks upon Ms. Tuccio and others was introduced at the trial, it was undisputed that the victim was unarmed at the time of the shooting.

ASSIGNMENTS OF ERROR NOS. TEN AND TWELVE:

In these assignments of error, the defendant contends that the trial court erred in two separate situations wherein the prosecutor, in an attempt to impeach the defendant’s trial testimony through prior inconsistent statements, improperly referred to selected parts of the defendant’s taped confession without introducing the whole confession. Assignment of error number ten refers to the Lproseeutor’s repeated references to parts of the confession during cross-examination of the defendant. Assignment of error number twelve refers to the prosecutor’s reference to parts of the confession during the direct examination of a State rebuttal witness, East Baton Kouge Parish Sheriffs Detective Don Strickland. Despite defense counsel’s repeated objections that the defendant’s entire confession should be introduced to give the benefit of any exculpatory information therein, the trial court overruled these objections and allowed the prosecutor to introduce evidence of prior inconsistent statements by referring to selected- portions of the defendant’s confession.
The State first argues that the defendant did not properly preserve this issue for appellate review because assignment of error number ten referred to the trial court allowing “improper impeachment.” The State further contends that no error occurred because, under the Code of Evidence, the defendant may be impeached with his prior inconsistent statements in the same manner as any other witness.
The defendant relies on La. R.S. 15:450, State v. Haynes, 291 So.2d 771 (La.1974), and State v. Sutton, 460 So.2d 1087 (La.App. 2nd Cir.1984). The defendant is in good company.
La.Code Evid. art. 607 D(2) provides:
D. Except as otherwise provided by legislation:
‡ * ‡ ‡ ‡ ‡
(2) Other extrinsic evidence, including prior inconsistent statements and evidence contradicting the witness’ testimony, is admissible when offered solely to attack the credibility of a witness unless the court determines that the probative value of the evidence on the issue of credibility is substantially outweighed by |gthe risks of undue consumption of time, confusion of the issues, or unfair prejudice.
However, La. R.S. 15:450 provides:
*1178 Every confession, admission or declaration sought to be used against anyone must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford.
The State’s first argument, id est, that the defendant failed to properly raise these issues because of the choice of wording in the tenth assignment of error, is spurious. Initially, if the defendant’s argument is correct (and it is), then he was improperly impeached with the use of only parts of his confession. Furthermore, this1 argument by the State completely ignores the same issue being raised in the twelfth assignment of error.
The State’s second argument, that under the Code of Evidence a defendant who chooses to take the witness stand may be impeached with his prior inconsistent statements just as any other witness, is basically correct; however, it lacks one important proviso. When the allegedly prior inconsistent statement used to impeach a defendant’s testimony is contained in a confession or an inculpatory statement, La. R.S. 15:450 allows a defendant to insist upon introduction of the entire confession or statement.
In an identical situation, which also involved a manslaughter conviction, the Louisiana Supreme Court found reversible error when a prosecutor, over defense counsel’s objection that the entire statement should be introduced, was allowed to impeach a defendant’s trial testimony through prior inconsistent statements derived from selected excerpts of a confession. State v. Haynes, 291 So.2d at 772-773. In Haynes, the Supreme Court specifically determined that a harmless error analysis was inapplicable in such a situation because it not only violates a jurisprudential rule of fairness, but a substantial statutory right of the accused as well. The failure to contemporaneously introduce the totality of [6an inculpatory statement, as opposed to selected excerpts, was pronounced a violation of fairness in those instances when the defendant requests the entire statement. Any “peripheral relevance is outweighed by its prejudicial effect.” State v. Haynes, 291 So.2d at 773. Similarly, if a police officer who witnessed the defendant’s confession or statement is called as a rebuttal witness and asked to relate prior inconsistent statements, a defendant may insist that the entire confession or statement be introduced. Otherwise, reversible error also occurs in this situation. See State v. Sutton, 460 So.2d at 1089.
For the above reasons, these assignments of error have merit and require reversal of the instant conviction and sentence. The instant manslaughter conviction acts as an acquittal of the original charge of second degree murder. However, the defendant may again be tried upon a charge of manslaughter.
Prior to the remand of this matter to the trial court for a new trial, we are compelled to address another issue in which the trial court clearly erred herein and which may arise at a new trial.

ASSIGNMENTS OF ERROR NOS. NINE AND ELEVEN:

In these assignments of error, the defendant contends that the trial court erred in refusing to allow the admission into evidence of certain police reeords/reports containing incidents wherein the victim exhibited violence toward others, particularly Ms. Tue-cio and a previous boyfriend, Michael Summers. While the defense was allowed to convey the substance of the reports to the jury through the testimony of Ms. Tuccio, Mr. Summers, and the defendant, the trial court ruled that most of the reports were inadmissible hearsay.
At the trial, the defense established that the victim previously had exhibited violence toward Ms. Tuccio and Mr. Summers. The defendant was aware of these incidents either |7because he had witnessed them, or because he had been told about them. In fact, the defendant actually had read copies of the police reports on these incidents. When defense counsel sought to introduce these police reeords/reports at trial, the prosecutor objected that they were hearsay. Citing State v. Ford, 368 So.2d 1074, 1077 (La.1979), defense counsel indicated that the documents were not being offered for the truth of their contents, but to establish the defendant’s state of mind. In other words, be-
*1179 cause the defendant had read these ree-ords/reports documenting the victim’s violent behavior toward others, they were relevant to establish the defendant’s apprehension toward the victim. The trial court ruled that the arrest warrant, which Ms. Tuccio actually had signed, was not hearsay. It was admitted. Additionally, an affidavit signed by Mr. Summers supporting an arrest warrant for the victim was admitted. The trial court ruled that other police records/reports were inadmissible as hearsay, although as noted above, the substance of these records/reports was allowed into evidence through defense witness testimony.
The police records/reports herein were improperly excluded by the trial court as hearsay. The defense did not offer these documents for the truth of their contents, but only to show the defendant’s state of mind after having read them. State v. Ford is controlling herein, despite the State’s argument to the contrary in its brief. Additional support for the defense position that such evidence has state of mind relevance and is not hearsay is found in State v. Eaton, 524 So.2d 1194, 1203-1204 (La.1988), cert. denied, 488 U.S. 1019, 109 S.Ct. 818, 102 L.Ed.2d 807 (1989) and State v. Weiland, 505 So.2d 702, 706-707 (La.1987). Note that intimate to these documents is the very definition of “self defense:” the issue is what the defendant “believed” to be his plight.
IgHowever, only that which is in the record may be reviewed. See La.Code Crim. P. art. 914.1; State v. Vampran, 491 So.2d 1356, 1364 (La.App. 1st Cir.), writ denied, 496 So.2d 347 (La.1986). The defendant failed to proffer for appellate review those records/reports which were improperly excluded. Therefore, we decline any attempt to determine whether or not these assignments of error would have warranted reversal, or if a harmless error analysis might have been applicable, since the substance of the excluded records/reports was introduced. Nevertheless, as this issue may again arise in a new trial, it should be noted that such state of mind evidence is not hearsay and is admissible to establish the defendant’s state of mind.
CONVICTION AND SENTENCE REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
LeBLANC, J., concurs and assigns reasons.

. The instant record contains sixteen assignments of error. However, in his appeal brief, defense counsel has abandoned three of the original assignments of error (assignments of error numbers eight, fourteen, and sixteen) and renumbered the remaining assignments. For the sake of convenience, we will address the assignments of error as they have been renumbered in the brief.

.Assignment of error number 10 is: The trial court erred in allowing improper impeachment. Assignment of error number 12 states: The trial court erred in allowing a police officer to testify about parts of a recorded statement without introducing the entire statement.