724 So.2d 730 (1998)
STATE of Louisiana
v.
Robert Lee DUKE.
No. 97-K-3059.
Supreme Court of Louisiana.
October 30, 1998.
Richard P. Ieyoub, Atty. Gen., Douglas P. Moreau, Dist. Atty., Dale R. Lee, for Applicant.
Edward Greenlee, for Respondent.
PER CURIAM:[*]
In this prosecution for second degree murder, the defendant told jurors that he fired the fatal shot from the passenger seat of the truck driven by his girlfriend, Ann Marie Tuccio, and parked in a highway turnaround lane, as the victim reached into the vehicle's cab through the driver's side door and throttled Tuccio, a sometime companion of both men. The defendant gave a similar tape recorded account to East Baton Rouge Parish deputies after his arrest. The state did not introduce that statement in its case in chief but used portions of it to impeach specific details of the defendant's testimony, over defense counsel's repeated objections that La.R.S. 15:450 required the state to play the entire statement for the jury. Counsel renewed his objections when the state called on rebuttal the detective who questioned the defendant and again referred to parts of the statement in its direct examination. The trial court once more overruled defense objections but also informed counsel that in his cross-examination of the officer, "[i]f you want to ask him about the good parts, you'll be free to do that also."
On appeal of the defendant's subsequent conviction and sentence for manslaughter, the First Circuit reversed and remanded the case for retrial on the basis of State v. *731 Haynes, 291 So.2d 771 (La.1974), accurately described by the court of appeal as a case in which "[t]he failure to contemporaneously introduce the totality of an inculpatory statement, as opposed to selected excerpts, was pronounced a violation of fairness in those instances when the defendant requests the [introduction of the] entire statement." State v. Duke, 96-2738, pp. 5-6 (La.App. 1st Cir.11/7/97), 702 So.2d 1175, 1178. We granted the state's application for review because our earlier decision in State v. Jones, 263 La. 1012, 270 So.2d 489 (1972), and not Haynes, controls the outcome in this case. We reverse accordingly.
La.R.S. 15:450 provides that "[e]very confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford." The statute embodies "a rule of fairness observed in American jurisdictions." Haynes, 291 So.2d at 773; see, e.g., Fed.R.Evid. 106 ("When a writing or recorded statement or part thereof is introduced by a part, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."). The principle derives from the common-law rule of completeness. See Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 171, 109 S.Ct. 439, 451, 102 L.Ed.2d 445 (1988). Although opinions differed over the question of "whether the proponent in the first instance must put in the whole" of a statement, there was "and could be no difference of opinion as to the opponent's right, if a part only has been put in, himself to put in the remainder." 7 J. Wigmore, Evidence § 2113, p. 653 (Chadbourn rev.1978); see also Rainey, 488 U.S. at 172, 109 S.Ct. at 451 ("[W]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted, only through presentation of another portion, the material required for completeness is ipso facto relevant and therefore admissible under [Fed.R.Evid.] 401 and 402.") (citing 1 J. Weinstein & M. Berger, Weinstein's Evidence para. 106(2), p. 106-20 (1986)). The rule applies to the cross-examination of a witness on the basis of his prior statement as well as to the introduction of a statement in the opposing party's case in chief. Rainey, 488 U.S. at 172, 109 S.Ct. at 451; Haynes, 291 So.2d at 772; see also C.A. Wright & K.W. Graham, Federal Practice and Procedure: Evidence § 5075 (1977). In all of its aspects, the rule of completeness serves two purposes: (1) it "secure[s] for the tribunal a complete understanding of the total tenor and effect of the utterance," Wigmore, Evidence § 2113, p. 653; and (2) it guards against "the danger that an out-of-context statement may create such prejudice that it is impossible to repair by a subsequent presentation of additional material." Rainey, 488 U.S. at 171, n. 14, 109 S.Ct. at 451 (emphasis in original); see also 1 McCormick on Evidence § 56, p. 226 (Strong ed.1992).
When the state does not introduce the statement in its case-in-chief and the defendant takes the stand of his own accord to offer an exculpatory account of the circumstances charged against him, the second danger is no longer a concern, and the principal objective of the rule of completeness is to prevent misleading the factfinder by taking certain portions of the prior statement out of context. Rainey, 488 U.S. at 171, n. 14, 109 S.Ct. at 451. We reversed in Haynes because the prosecutor not only used part of the defendant's prior statement to impeach him on a fact critical to his claim of self-defense, but also prevented the defendant from offering any exculpatory explanation of the apparent discrepancy. Id., 291 So.2d at 772. In Jones, on the other hand, we found no violation of La.R.S. 15:450, although the prosecutor used a small portion of the defendant's lengthy grand jury testimony to impeach him on a single point over the defense objection that he should introduce the entirety of the testimony, because it was clear from the trial court's ruling that "[d]efense counsel could have employed any part of the Grand Jury testimony he desired to use." Id., 270 So.2d at 499.
Haynes therefore does not stand for the proposition that in all cases in which the state uses a defendant's statement only for purposes of impeaching his trial testimony, *732 the rule of completeness in La.R.S. 15:450 may only, and must only, be satisfied by the state without regard to the defendant's opportunity to present fairly the exculpatory tenor of the statement to the factfinder. In this case, the prosecutor's cross-examination of the defendant revealed not only the ways in which his prior statement appeared inconsistent with his trial testimony on several factual details but also the extent to which that prior statement was consistent with the critical component of his exculpatory account at trial: that he fired the fatal shot as the victim stood in the opened door of the truck, leaning half way into the vehicle's cab to choke Tuccio. During the state's rebuttal case, defense counsel returned to the same point again in his cross-examination of the detective who took the statement, underscoring the exculpatory portions of the statement for the jurors after the trial court properly denied the prosecutor's objections that the statements constituted self-serving hearsay. See Rainey, 488 U.S. at 173, n. 18, 109 S.Ct. at 452 (remaining portions of the statement constitute nonhearsay as they merely "contribute to a fuller understanding of the material... already placed in evidence."). Counsel thereby made his point that from the moment of his arrest, the defendant had given a consistent account of the final seconds before the shooting, the truth as he knew it, even in the face of physical evidence that the victim died from a gunshot wound to the back of his head and suggestions by the police during the interview that he might wish to change his statement accordingly. During its rebuttal case, the state had marked the tape of defendant's statement for purposes of identification only, and it was therefore readily available to defense counsel if he determined that his cross of the officer did not adequately convey the exculpatory cast of the statement.
Under these circumstances, we are satisfied that the defendant's interests under La. R.S. 15:450 were adequately protected and that the jury was fully informed of the essential nature and content of his post-arrest custodial statement. Accordingly, the decision of the First Circuit is reversed and this case is remanded to the court of appeal for consideration of the defendant's remaining assignments of error.
JUDGMENT VACATED; CASE REMANDED TO COURT OF APPEAL.
NOTES
[*] Marcus, J., not on panel. See Rule IV, Part II, § 3.